[Moore v. Hunter.]

James Moore, jun. for the use of Daniel Delaney, Thomas R. Delaney, and David Moore *against* George Hunter.

No rule or practice of Supreme Court establishes when the exceptions to a report of auditors in account render shall be filed; but those exceptions regularly should be taken before the auditors, and returned with the report.

ACCOUNT render.   Upon the judgment rendered to account, auditors were appointed by the court.   On the 24th May 1804, the special report of the auditors was filed in the prothonotary's office, finding for the plaintiff 2486 dollars and 5 cents, and read in open court in September term following, but no judgment was ever entered on it.   On the 8th August 1805, the plaintiff filed a suggestion of allowance and disallowance of several articles therein, containing a number of exceptions to the report; and on the 9th September following, a rule was obtained on the defendant, to shew cause why he should not plead to the several matters contained in the suggestion.

The argument on this rule took place on the 10th September 1805, by Messrs. Lewis and Tod for the plaintiff, and by Messrs. Ingersoll and M'Kean for the defendant.   The plaintiff made an assignment on his failure shortly afterwards; and the argument was not concluded until the present term by the same counsel.

On the part of the defendant it was contended, that the plaintiff come too late with his suggestion, it being filed eleven *months after reading of the report.   The prothonotary usually enters judgments on reports as matters of course. [*359 We know not why judgment was not entered here.   But a defendant is no longer an actor : after a report in favour of the plaintiff, he cannot revive, nor demand judgment against him. 3 Atky. 691.   A new trial has been refused after four years acquiescence, though no judgment was entered on the verdict.   2 Stra. 995.   A motion in arrest of judgment will not be received after the four days.   2 Dall. 229.   The general rule of the court is, that exceptions shall be taken to the reports of referees within four days after notice ; and why shall it not hold in account render ?   Can the party have it in his power to hang up the report to any indefinite period of time at his will and pleasure ?

But moreover, the exceptions should have been taken and the issues joined, before the auditors. · 3 Wils. 73, 99.   Imp. Mod. Pleader 149, 150.   So it was in 1 Lutw. 49, 50.   The party must plead to issue before the auditors.   11 Co. 40.   Whatever may be pleaded in bar of the suit, cannot be pleaded before them.   1 Bac. Abr. 21.

The plaintiff's counsel urged, that there was no statute, or rule of practice, which confined the exceptions to four days, on the

4 · YEATES—22

report of auditors in account render. The case of Holland v. Mackie is perfectly analogous, and establishes the practice of this court on the two grounds taken up by the defendant's counsel. There the action of account render was returnable to March term 1797. Judgment *quod computet* was entered, and auditors were appointed on the 4th September 1797. The report of auditors was read, and judgment *nisi* entered thereon 25th March 1799. The suggestion was filed, and issues were prayed 30th March 1799 ; and on the 8th March 1800, the exceptions and replication thereto were filed and afterwards tried ; so that it is perfectly clear, that the suggestion was received more than four days after the filing of the report, and judgment even entered thereon.

A general summary of the law in actions of account render is given in 3 Woodeson 84, and it is there said, that the proceedings before auditors are in nature of a new action. The report of the auditors is not conclusive. F. N. B. 170. If either of the parties think they do him injustice, he may apply to the court for relief. 2 Inst. 380-1. 1 Bac. Ab. 21, F. (37-8.) Precedents of the reports of auditors and the proceedings at length, are to be found in 1 Mallory's Mod. Ent. 58.—1 Brownl. 46, b. 47.—2 Brownl. 2 Coke's Ent. 46, b. Rastel 14, b. 15, a. 1 Lutw. 49, 50.

In our case, no judgment has been rendered, which will prevent the effect of our application. And it is settled *360] law, that though the general rule is, that motions in arrest of judgment shall be filed within the four days, yet they may be received afterwards, if judgment has not been signed. 2 Stra. 845. 1102. Doug. 171. And in Rex v. Gough, Doug. 760, (791) the same practice was adopted on a motion for a new trial ; though it must be admitted, that this is now considered to be irregular. 5 Term Rep. 445.

The court advised upon the subject : and afterwards their opinion was delivered by the chief justice.

Two causes have been assigned against the rule.

1st. That no exception can be received after four days from the time the report was read in court.

2d. That the exceptions ought to have been taken before the auditors, and cannot be taken after the return of the report.

As to the first exception, it does not appear, that the court has any rule, or any established practice on the subject. This may be accounted for, by the action of account render not being in general use. We do not conceive, that the rule with respect to the reports of referees is applicable to this case, so that until a rule is established, it is sufficient that the exceptions are filed before judgment.

2d. We think the most regular way of proceeding, and by far the most convenient one, would have been to take the exceptions before the auditors, to be returned by them as part of their

report.    This appears to be the manner of conducting the business, as far as it appears from English precedents, which we have consulted.    But as this court suffered exceptions to be filed, after the return of the report in the case of Holland *v.* Mackie, in which no objection was taken on this ground, though other points were controverted, we think it would be unjust, to preclude the plaintiff from the benefit of his exceptions in this case.    Although in this particular instance, the court allow the exceptions for the reason I have assigned, yet it is not to be understood, that this practice is adopted.    On the contrary, it is expected, that in future, the exceptions shall be taken at such time and in such manner, as is agreeable to the principles and practice to be found in the books, prior to the case of Holland *v.* Mackie.

Rule made absolute.